

**SAUL
EWING**
Attorneys at Law
A Delaware LLP

Michael R. Robinson
Phone: (302) 421-6895
Fax: (302) 421-5888
MRobinson@saul.com
www.saul.com

March 18, 2008

**VIA E-FILE & HAND DELIVERY**
The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    *Coppedge v. Yurkie*, C.A. No. 1:07-cv-846-GMS-MPT
            *Coppedge v. City of Philadelphia*, C.A. No. 07-684-GMS-MPT
            *Coppedge v. Leatherman*, C.A. No. 07-763-GMS-MPT

Dear Chief Judge Sleet:

       I write on behalf of the defendants in the above-captioned matters (collectively "Defendants") in response to several Affidavits and other papers provided by plaintiff James Coppedge, *i.e.*, an Affidavit of Default Judgment, filed in C.A. No. 07-684 (D.I. 23), an Affidavit of Desceptive (sic) Non-Disclosure Letters, filed in 7-763 (D.I. 22), and most recently the proposed order to grant the complaint filed in C.A. No. 07-846 (D.I. 12).

       These documents continue Mr. Coppedge's pattern of abuse of the judicial process and should be disregarded by the Court. Notably, as the Court warned Mr. Coppedge, until the Court rules in his favor, such "repetitive motions or petitions [to enter judgment] will not be considered and will be summarily denied." Order dated 12/11/2007, C.A. No. 07-684 (D.I. 11), a copy of which is submitted herewith as Exhibit A. As there are pending meritorious motions to dismiss in each of these matters, the Court has obviously not ruled in Mr. Coppedge's favor.

       Defendants sincerely hope that Mr. Coppedge will, upon receipt of this letter, withdraw these papers to the extent he is requesting Court action by them and not cause Defendants to continue to expend their valuable resources defending against them. If he fails to do so, Defendants respectfully request that these requests should be summarily denied, and, further, that the Court should consider sanctions against Mr. Coppedge.

P.O. Box 1266 ♦ Wilmington, DE 19899-1266 ♦ Phone: (302) 421-6800 ♦ Fax: (302) 421-6813
Courier Address: 222 Delaware Avenue, Suite 1200 ♦ Wilmington, DE 19801-1611

BALTIMORE   CHESTERBROOK   HARRISBURG   NEWARK   PHILADELPHIA   PRINCETON   WASHINGTON   WILMINGTON
557213.1 3/17/08                     A DELAWARE LIMITED LIABILITY PARTNERSHIP

The Honorable Gregory M. Sleet
United States District Court
March 18, 2008
Page 2

       As always, counsel remains available at the Court's convenience if Your Honor has any questions.

Respectfully,

Michael R. Robinson
(Del. Bar No. 4465)

cc:    Mr. James Coppedge
       (Via First Class U.S. Mail)

557213.1 3/17/08

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES COPPEDGE, | : |
|     Plaintiff, | : |
| v. | : Civ. Action No. 07-684-***-MPT |
| CITY OF PHILADELPHIA, | : |
|     Defendant. | : |

**MEMORANDUM ORDER**

**I. BACKGROUND**

Plaintiff, James Coppedge, filed this Petition For <u>Ex Parte</u> Writ Of Mandamus[1] And Inquiry against the U.S. District Court Clerk ("Clerk")[2]. Plaintiff filed a similar writ in Civil Action No. 07-770-GMS which was denied and dismissed on December 3, 2007. Plaintiff's Petition For <u>Ex Parte</u> Writ Of Mandamus and inquiry seeks a writ of mandamus directing the Clerk to "enter judgment and/or execute compulsory order for the immediate payment of ten million directed to the City of Philadelphia." (D.I. 8.)

**II. DISCUSSION**

To be eligible for mandamus relief under 28 U.S.C. § 1361, Plaintiff must satisfy three conditions. First, the party

---

[1] The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the united States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.

[2] Peter Dalleo is the Clerk of Court for the U.S. District Court for the District of Delaware.

seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." Cheney v. United States Dist. Court, 542 U.S. 367, 380 (2004) (citation omitted). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." Id. at 381 (citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." Id.

Plaintiff has failed to demonstrate his entitlement to a Writ Of Mandamus. To the extent that Plaintiff asks this Court to order the Clerk to enter judgment and/or execute a compulsory order for the immediate payment of ten million dollars to him by the City of Philadelphia, Plaintiff has available to him other adequate means. Indeed, he need merely wait until there is a ruling in this case that determines whether he is entitled to recovery. To date, however, there has been no service, much less judgment entered against the City of Philadelphia.

To the extent that Plaintiff asks this Court to order the Clerk to enter judgment against the City of Philadelphia or execute a compulsory order for it to make immediate payment of ten million dollars, the Court finds that Plaintiff failed to demonstrate that his right to issuance of the writ is "is clear and indisputable." Cheney, 542 U.S. at 381 (citations omitted). As discussed above, this lawsuit is in its very early stages,

with no service having taken place, much less the entry of a Court ruling that Plaintiff is entitled to judgment against the City of Philadelphia.

Clearly, issuance of a writ is inappropriate under the circumstances and the petition is frivolous. Plaintiff has failed to establish any basis for mandamus relief and, therefore, his Petition For <u>Ex Parte</u> Writ Of Mandamus will be denied.

III. CONCLUSION

For the reasons set forth above, the Petition For <u>Ex Parte</u> Writ Of Mandamus And Inquiry is **DENIED**. Plaintiff is placed on notice that repetitive motions or petitions will not be considered and will be summarily denied.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

DATED: _December 11, 2007_